UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE:   JAMES E. DIDIO, | : | Chapter 13 |
| | : | |
| Debtor | : | Bky. No. 18-12499 ELF |
| | : | |

# O R D E R

**AND NOW**, upon consideration of M &T Bank's Motion for Relief from the Automatic Stay ("the M&T Motion") (Doc. # 24) and The Bancorp Bank's Motion for Relief from the Automatic Stay ("the Bancorp Motion") (Doc. # 32);

**AND**, upon consideration of the responses to the M&T Motion and the Bancorp Motion (collectively, "the Motions") filed by Marla J. Green ("Green");

**AND**, after a preliminary hearing held on **December 12, 2018**;

It is hereby **ORDERED** that a further, evidentiary hearing on the Motions is **SCHEDULED** on **January 18, 2019, at 9:30 a.m., in Bankruptcy Courtroom No. 1, 2d floor, U.S. Courthouse, 900 Market Street, Philadelphia, PA**.[1]

---

[1] At the hearing on **December 13, 2018**, there it appeared to be undisputed that no post-petition contractual payments have been made to M&T Bank or The Bancorp Bank (collectively, "the Movants") since the commencement of this bankruptcy case. Such a post-petition default establishes a prima facie case for relief under 11 U.S.C. §362(d). See, e.g., In re Dupell, 235 B.R. 783, 789 (Bankr. E.D. Pa.1999); In re Hinchliffe, 164 B.R. 45, 48–49 (Bankr. E.D. Pa.1994); In re Morysville Body Works, Inc., 86 B.R. 51, 57–58 (Bankr. E.D. Pa.1988); In re Skipworth, 69 B.R. 526, 527–28 (Bankr. E.D. Pa. 1987).

Green defended against the Motions on the theory that there is substantial equity in the subject property (1320 Monk Road, Gladwyne, PA) ("the Property") and that the equity provides adequate protection to the Movants. Green further contended that the estate's interest in the Property is valuable and could provide a meaningful distribution to unsecured creditors in this bankruptcy case.

(continued...)

**Date: December 13, 2018**

ERIC L. FRANK
U.S. BANKRUPTCY JUDGE

---

[1](...continued)

The chapter 7 trustee ("the Trustee") appeared and disputed Green's contentions. He questioned whether there is any equity in the property (a factual issue that no party appearing was prepared to litigate on the day of the hearing). However, the Trustee also argued, as a matter of law, that he could not administer the Property. The Trustee asserted that the Debtor had exempted his interest in the Property as a tenant by the entireties, see 11 U.S.C. §522(b)(3)(B), and that the time deadline to object to the exemption claim had expired. The trustee then reasoned that the Property was no longer property of the estate subject to being administered, see In re Miller, 501 B.R. 266, 276 (Bankr. E.D. Pa. 2013) (a claimed exemption of property from the bankruptcy estate becomes effective when the deadline for objection under Rule 4003(b)(1) has expired and no objections have been filed) (citing cases), leaving no bankruptcy purpose to maintaining the automatic stay in place.

Shortly before the end the hearing, the Trustee also suggested that, based on a pre-petition arbitration award issued in connection with the Debtor's divorce proceedings, the Debtor's beneficial interest in the Property had passed to Green, again leaving the estate with no interest in the Property and there again being no bankruptcy case administration purpose to maintenance of the automatic stay.

At the conclusion of the hearing, I took the matter under advisement so that I could review the docket and associated documents in the bankruptcy case. I stated that if it appeared that the Debtor had exempted his entire interest in the Property and that his exemption claim had become final, I would grant the Motions.

In reviewing, the record in the bankruptcy case, I find no evidence that the Debtor has claimed any exemption in the Property. Therefore, the Trustee's primary argument is not dispositive, as it appeared during the hearing. I conclude that a further hearing is necessary to resolve the factual issues that were discussed on **December 12, 2018**.

To assist the parties in structuring their presentations at the next hearing, I remind them that it appears that the Movants have made out a prima facie case for relief under 11 U.S.C. §362(d)(1). For Green to mount a successful defense to the Motions, she will need to establish that: (1) she holds an unsecured claim against the estate that may be entitled to a distribution from the estate; (2) (particularly in light of the arbitration award), the bankruptcy estate has a sufficient property interest in the Property making it appropriate for the Trustee to administer the Property; (3) there is sufficient equity in the Property to provide a meaningful distribution to creditors; and (4) there is sufficient equity in the Property to provide adequate protection to the Movants while the Property is being administered.