United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                              Case No. 18-12499-elf
James E. DiDio                                                                      Chapter 7
    Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2          User: Stacey              Page 1 of 1              Date Rcvd: Dec 13, 2018
                              Form ID: pdf900           Total Noticed: 6

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 15, 2018.
db          +James E. DiDio,    814 Conshohocken State Road,    Gladwyne, PA 19035-1428
intp        +Marla J. Green,    1320 Monk Road,    Gladwyne, PA 19035-1313

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg          E-mail/Text: megan.harper@phila.gov Dec 14 2018 03:12:45      City of Philadelphia,
              City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
              Philadelphia, PA  19102-1595
smg          E-mail/Text: RVSVCBICNOTICE1@state.pa.us Dec 14 2018 03:11:48      Pennsylvania Department of Revenue,   Bankruptcy Division,    P.O. Box 280946,
              Harrisburg, PA  17128-0946
smg         +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Dec 14 2018 03:12:17      U.S. Attorney Office,
              c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
cr          +E-mail/Text: gcummings@thebancorp.com Dec 14 2018 03:10:56      The Bancorp Bank,
              405 Silverside Rd., Suite 105,    Silverside-Carr Corporate Center,    Wilmington, DE 19809-1768
                                                                                              TOTAL: 4

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 15, 2018                                      Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 13, 2018 at the address(es) listed below:
              ANDREW   TEITLEMAN    on behalf of Defendant James   DiDio ateitelman@teitelaw.com
              GARY F. SEITZ    gseitz@gsbblaw.com,    gfs@trustesolutions.net
              GARY F. SEITZ    on behalf of Trustee GARY F. SEITZ gseitz@gsbblaw.com,    gfs@trustesolutions.net
              HARRY J. GIACOMETTI    on behalf of Debtor James E. DiDio harry.giacometti@flastergreenberg.com,
               harry.giacometti@ecf.inforuptcy.com;jackie.parsio@flastergreenberg.com;jennifer.vagnozzi@flastergreenberg.com
              HOLLY SMITH MILLER    on behalf of Trustee GARY F. SEITZ hsmiller@gsbblaw.com
              JAY E. KIVITZ    on behalf of Creditor   The Bancorp Bank jkivitz@kivitzandkivitz.com
              KEVIN G. MCDONALD    on behalf of Creditor    M&T BANK bkgroup@kmllawgroup.com
              KEVIN G. MCDONALD    on behalf of Creditor    M&T BANK A/K/A MANUFACTURERS AND TRADERS TRUST
               COMPANY S/B/M TO HUDSON CITY SAVINGS BANK bkgroup@kmllawgroup.com
              PAUL A.R. STEWART    on behalf of Plaintiff Marla J. Green pstewart@legalhelm.com,
               jurisabnelson@gmail.com
              PAUL A.R. STEWART    on behalf of Interested Party Marla J. Green pstewart@legalhelm.com,
               jurisabnelson@gmail.com
              REBECCA ANN SOLARZ    on behalf of Creditor    M&T BANK bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                             TOTAL: 12

**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE:   JAMES E. DIDIO, | : | Chapter 13 |
| | : | |
| Debtor | : | Bky.  No. 18-12499 ELF |
| | : | |

# O R D E R

**AND NOW**, upon consideration of M &T Bank's Motion for Relief from the Automatic Stay ("the M&T Motion") (Doc. # 24) and The Bancorp Bank's Motion for Relief from the Automatic Stay ("the Bancorp Motion") (Doc. # 32);

**AND**, upon consideration of the responses to the M&T Motion and the Bancorp Motion (collectively, "the Motions") filed by Marla J. Green ("Green");

**AND**, after a preliminary hearing held on **December 12, 2018**;

It is hereby **ORDERED** that a further, evidentiary hearing on the Motions is **SCHEDULED** on **January 18, 2019, at 9:30 a.m., in Bankruptcy Courtroom No. 1, 2d floor, U.S. Courthouse, 900 Market Street, Philadelphia, PA**.[1]

---

[1]    At the hearing on **December 13, 2018**, there it appeared to be undisputed that no post-petition contractual payments have been made to M&T Bank or The Bancorp Bank (collectively, "the Movants") since the commencement of this bankruptcy case.  Such a post-petition default establishes a prima facie case for relief under 11 U.S.C. §362(d).  See, e.g., In re Dupell, 235 B.R. 783, 789 (Bankr. E.D. Pa.1999); In re Hinchliffe, 164 B.R. 45, 48–49 (Bankr. E.D. Pa.1994); In re Morysville Body Works, Inc., 86 B.R. 51, 57–58 (Bankr. E.D. Pa.1988); In re Skipworth, 69 B.R. 526, 527–28 (Bankr. E.D. Pa. 1987).

Green defended against the Motions on the theory that there is substantial equity in the subject property (1320 Monk Road, Gladwyne, PA) ("the Property") and that the equity provides adequate protection to the Movants.  Green further contended that the estate's interest in the Property is valuable and could provide a meaningful distribution to unsecured creditors in this bankruptcy case.

(continued...)

**Date: December 13, 2018**

_____
ERIC L. FRANK
U.S. BANKRUPTCY JUDGE

_____

[1](...continued)

The chapter 7 trustee ("the Trustee") appeared and disputed Green's contentions. He questioned whether there is any equity in the property (a factual issue that no party appearing was prepared to litigate on the day of the hearing). However, the Trustee also argued, as a matter of law, that he could not administer the Property. The Trustee asserted that the Debtor had exempted his interest in the Property as a tenant by the entireties, see 11 U.S.C. §522(b)(3)(B), and that the time deadline to object to the exemption claim had expired. The trustee then reasoned that the Property was no longer property of the estate subject to being administered, see In re Miller, 501 B.R. 266, 276 (Bankr. E.D. Pa. 2013) (a claimed exemption of property from the bankruptcy estate becomes effective when the deadline for objection under Rule 4003(b)(1) has expired and no objections have been filed) (citing cases), leaving no bankruptcy purpose to maintaining the automatic stay in place.

Shortly before the end the hearing, the Trustee also suggested that, based on a pre-petition arbitration award issued in connection with the Debtor's divorce proceedings, the Debtor's beneficial interest in the Property had passed to Green, again leaving the estate with no interest in the Property and there again being no bankruptcy case administration purpose to maintenance of the automatic stay.

At the conclusion of the hearing, I took the matter under advisement so that I could review the docket and associated documents in the bankruptcy case. I stated that if it appeared that the Debtor had exempted his entire interest in the Property and that his exemption claim had become final, I would grant the Motions.

In reviewing, the record in the bankruptcy case, I find no evidence that the Debtor has claimed any exemption in the Property. Therefore, the Trustee's primary argument is not dispositive, as it appeared during the hearing. I conclude that a further hearing is necessary to resolve the factual issues that were discussed on **December 12, 2018**.

To assist the parties in structuring their presentations at the next hearing, I remind them that it appears that the Movants have made out a prima facie case for relief under 11 U.S.C. §362(d)(1). For Green to mount a successful defense to the Motions, she will need to establish that: (1) she holds an unsecured claim against the estate that may be entitled to a distribution from the estate; (2) (particularly in light of the arbitration award), the bankruptcy estate has a sufficient property interest in the Property making it appropriate for the Trustee to administer the Property; (3) there is sufficient equity in the Property to provide a meaningful distribution to creditors; and (4) there is sufficient equity in the Property to provide adequate protection to the Movants while the Property is being administered.